642 A.2d 213

**Lauren Marie WADLOW**

v.

**STATE of Maryland.**

**No. 128, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 8, 1994.

Reginald W. Bours, III, Rockville, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE *, CHASANOW, KARWACKI and BELL, JJ.

McAULIFFE, Judge.

Subsection (a)(1) of Article 27, § 286 of the Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) provides that it is unlawful for any person "to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to ... distribute ... or dispense" that substance. Subsection (b) of § 286 sets forth the penalties for violation of subsection (a). Subsection (f) provides for enhanced penalties for a violation of subsection (a)(1) when the violation involves certain controlled dangerous substances in certain amounts. We granted certiorari in this case to consider the following question:

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Do the mandatory sentencing provisions of Article 27, Section 286(f) require that either the trier of fact or the sentencing judge make specific findings and, if so, what standard of proof is required, and how must these findings be set forth in the opinion, judgment or orders of the Court?

## I.

Lauren Marie Wadlow was indicted by a Montgomery County Grand Jury for offenses allegedly committed on or about 5 September 1990. Count I of the indictment charged that the defendant

> unlawfully did possess a certain controlled dangerous substance, to wit: cocaine, in sufficient quantity to reasonably indicate under all circumstances an intent to distribute said controlled dangerous substance, to wit: over 448 grams of cocaine, in violation of Article 27, Section 286(a)(1) of the Annotated Code of Maryland....

Count II charged the defendant with simple possession of cocaine in violation of Art. 27, § 287(a), and Count III charged that the defendant "unlawfully conspired with Bruce Michael Todd, to distribute a controlled dangerous substance, to wit: cocaine, in excess of 448 grams...." A jury found the defendant guilty on all three counts.[1]

At the initial sentencing hearing of 9 October 1991, the trial judge imposed a sentence of four years' imprisonment on Count I, declared that Count II merged into Count I, and imposed a sentence of one year imprisonment on Count III, consecutive to the sentence imposed on Count I. Six days later, the State filed a motion to correct an "illegal sentence," contending that Art. 27, § 286(f) mandated the imposition of a sentence of five years without possibility of parole on Count I, and suggesting that Count III should have been merged into Count I.

---

1. The indictment also charged the defendant with two counts of distribution of a controlled dangerous substance which the State nolle prossed.

■ At a hearing held on the State's motion, the trial judge vacated the sentence on Count III by finding that Count III merged into Count I,[2] and "resentenced" the defendant to five years' imprisonment on the first count. The judge refused the request of the State to declare that the sentence was imposed pursuant to Art. 27, § 286(f), stating:

No, that is it. That is all I am saying. The Court of Special Appeals will wrestle with this one. Not too hard, but they will wrestle with it.

The State appealed, contending that the trial judge failed to impose the penalty mandated by the Code. *See* Md.Code (1974, 1989 Repl.Vol.), Courts and Judicial Proceedings Art., § 12–302(c)(2) (permitting the State to appeal a final judgment where it "alleges that the trial judge failed to impose the sentence specifically mandated by the Code"). The defendant cross-appealed, challenging the convictions, and also contending that the enhanced penalty provisions of section 286(f) could be triggered only by a jury finding that the amount of cocaine involved in the Count I conviction was 448 grams or more. The defendant maintained that under the instructions given by the trial judge, the jury had not made that finding. The Court of Special Appeals held that "[i]t is for the sentencing judge, not the jury, to determine whether the State has proved, beyond a reasonable doubt, the factual predicate for the statutorily mandated enhanced penalty." *State v. Wadlow*, 93 Md.App. 260, 282, 611 A.2d 1091 (1992). The intermediate appellate court further held that the trial judge had implicitly found the existence of the predicate fact necessary for an enhanced sentence when he acceded the State's request to increase the sentence on Count I from four years to five years. *Id.* at 283–84, 611 A.2d 1091. It vacated the sentence, however, and remanded the case with directions to the trial

---

2. The conviction of conspiracy to distribute did not in fact merge into the conviction of possession with intent to distribute. *See Jones v. State*, 8 Md.App. 370, 380, 259 A.2d 807 (1969). That erroneous ruling, suggested by the State and embraced by the defendant, was not contested in either appellate court, and therefore stands.

judge to state for the record that the sentence is imposed pursuant to § 286(f)(3). *Id.* at 284, 611 A.2d 1091.

## II.

The principal question presented by this case is one of legislative intent. The sentence enhancement provisions of § 286(f) were added as a part of the "Drug Kingpin Act" enacted by Chapter 287 of the Acts of 1989. We discussed the legislative history of that Act in *Williams v. State,* 329 Md. 1, 616 A.2d 1275 (1992), where we upheld the drug kingpin provisions of the act against a constitutional challenge.

■ If, as the State contends, the legislature intended that the predicate facts of subsection (f) mandating an enhanced penalty were to be found exclusively by the sentencing judge, that sentencing scheme would not violate any provisions of the United States Constitution. *See McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986). In *McMillan,* the Supreme Court held that a state could treat "visible possession of a firearm" as a sentencing consideration rather than an element of a particular offense, and could therefore require the imposition of a mandatory minimum sentence for certain crimes when the sentencing judge found by a preponderance of the evidence that the defendant visibly possessed a firearm during the commission of the offense. *Id.* at 91–93, 106 S.Ct. at 2418–20. And, as the State points out, federal courts of appeals have uniformly held that predicate facts required for imposition of enhanced sentences under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(b), are for the sentencing judge and not the jury. *See, e.g., United States v. Perez,* 960 F.2d 1569, 1574–75 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1421, 122 L.Ed.2d 790 (1993); *United States v. Madkour,* 930 F.2d 234, 237–38 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 308, 116 L.Ed.2d 251 (1991); *United States v. Ocampo,* 890 F.2d 1363, 1372 (7th Cir.1989).

■ In Maryland, however, we have generally drawn a distinction between sentence enhancement provisions that de-

pend upon prior conduct of the offender and those that depend upon the circumstances of the offense. In the former situation, involving recidivism, we have made it clear that determination of the requisite predicate facts is for the sentencing judge.[3] *See* Maryland Rule 4–245(e) ("[T]he court shall determine whether the defendant is a subsequent offender...."). The State must give timely notice to the defendant of its intention to seek enhanced penalties because of one or more prior convictions, but that notice is not filed with the court until after the acceptance of a guilty or nolo contendere plea, or after conviction. The applicable Rule also provides that "[t]he allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document...." Md.Rule 4–245(d).

In the latter case, however, where the legislature has prescribed different sentences for the same offense, depending upon a particular circumstance of the offense, we have held that the presence of that circumstance must be alleged in the charging document, and must be determined by the trier of fact applying the reasonable doubt standard.

■■  The single crime of murder is divided into degrees for purposes of punishment, *Bruce v. State*, 317 Md. 642, 645, 566 A.2d 103 (1989), but the trier of fact determines the degree of the offense. Similarly, robbery is ordinarily characterized as one offense, with the division between armed robbery and simple robbery being for the purpose of punishment, *Hook v. State*, 315 Md. 25, 32 n. 10, 553 A.2d 233 (1989), but the charge must be specific and the determination of the seriousness of the offense is for the trier of fact.

■■  Larceny was a single offense at common law, divided into grand larceny and petty larceny for the purpose of punishment. *Hagans v. State*, 316 Md. 429, 440, 559 A.2d 792 (1989). Nevertheless, valuation is treated as an element of

---

3. Although not constitutionally required, we have held that the State must prove these predicate facts beyond a reasonable doubt. *Jones v. State*, 324 Md. 32, 37, 595 A.2d 463 (1991).

grand larceny, and the State is required to allege the greater value and prove that value beyond a reasonable doubt. Petty larceny is treated as a lesser included offense of grand larceny. *Id.* at 440–41, 559 A.2d 792.

Malicious destruction of property is a single statutory offense. *See* Md.Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.), Art. 27, § 111. Prior to 1985, that statute provided as follows:

> Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be subject to imprisonment for a period of not more than three years or to a fine not more than $2,500, or to both imprisonment and fine.

Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 111. By Ch. 479 of the Acts of 1985, the legislature divided the malicious destruction statute into three subsections. Subsection (a) contained the language from the prior statute, however, the penalty clause was deleted. In its place, the legislature added subsections (b) and (c), which provided for different penalties depending upon the value of the property involved. Those changes are shown here, with deleted material shown in brackets and new material in bold capitalization:

> (A) Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor [and, upon conviction thereof, shall be subject to imprisonment for a period of not more than three years or to a fine not more than $2,500, or to both imprisonment and fine].
>
> **(B) IF THE PROPERTY DEFACED, DESTROYED, INJURED, OR MOLESTED HAS A VALUE OF LESS THAN $300, THE PERSON WHO VIOLATES THIS SECTION, ON CONVICTION, IS SUBJECT TO A FINE NOT EXCEEDING $500 OR IMPRISONMENT NOT EXCEEDING 60 DAYS OR BOTH.**
>
> **(C) IF THE PROPERTY DEFACED, DESTROYED, INJURED, OR MOLESTED HAS A VALUE OF $300 OR MORE, THE PERSON WHO VIOLATES THIS SEC-**

TION, ON CONVICTION, IS SUBJECT TO A FINE NOT EXCEEDING $2,500 OR IMPRISONMENT NOT EXCEEDING 3 YEARS OR BOTH.

We considered the impact of these changes in *Spratt v. State*, 315 Md. 680, 556 A.2d 667 (1989). Recognizing that the change was solely to the penalty provisions, we nevertheless held that if the State seeks the greater penalty the value of the property must be treated as if it were an element of the offense. We said:

> [W]e hold that it is necessary for the trier of fact to make a finding as to value when the State is seeking a conviction under Art. 27, § 111(c). It was essential for the jury to be instructed as to value in the present case. Prior to the enactment of the 1985 amendments, neither § 111 nor any of its statutory predecessors referred to the amount of the value of the property destroyed. The present statutory scheme permits the State to proceed under the lesser offense, subsection (b), and avoid the possibility of a misdemeanor jury trial on the merits. However, if the State wishes to pursue the more serious offense under subsection (c), it must specifically charge and prove the value of the destroyed property, greater than $300.

*Id.* at 685–86, 556 A.2d 667 (footnotes omitted). In addition to reviewing our own cases that had consistently treated the value or amount in the same manner as an element of the offense when that determination affected the penalty to be imposed, *id.* at 686–88, 556 A.2d 667 we noted that other states had taken the same position. *Id.* at 688–90, 556 A.2d 667.

In *Hagans v. State, supra,* Judge Eldridge writing for the Court thoroughly reviewed the earlier cases, and rejected the State's argument that the question of value under the consolidated theft statute, Art. 27, §§ 340–344, was solely for the sentencing judge. The Court said:

> We agree that, generally, theft in violation of Art. 27, §§ 340–344, is to be regarded as a single offense. Nevertheless, we cannot subscribe to the State's theory concern-

ing the limited relevance of value. Furthermore, for purposes of the principles concerning lesser included offenses, theft under $300 should be treated as a lesser included offense of theft of $300 or more.

316 Md. at 438, 559 A.2d 792. The Court also stated:

Like larceny, robbery, malicious destruction of property, and murder, theft under the consolidated theft statute is divided into a greater offense and a lesser included offense, depending on the presence or absence of a particular element, namely the taking of goods having a value of $300 or more.

*Id.* at 444, 559 A.2d 792.

The action taken by the legislature in amending § 286 to provide for enhanced penalties depending upon the amount of certain controlled dangerous substances involved in the violation presents a situation remarkably similar to the earlier legislative action we have discussed. Therefore, in the absence of an express directive that the question of amount is solely for the sentencing judge, we will assume that the legislature intended the continued application of long established principles, and treat the question of amount as if it were an element of the offense. Accordingly, when the State seeks the enhanced penalties provided by § 286(f) it must allege the necessary fact concerning the amount, and prove that fact beyond a reasonable doubt. The citation of the statute at the end of the count [4] seeking enhanced penalties under subsection (f) would properly refer to Art. 27, § 286(a)(1) & (f), although a reference to Art. 27, § 286(f) alone would be sufficient, and if the State did not elect to include a separate count charging only a violation under § 286(a)(1), that charge would nevertheless be available as a lesser included offense under a count charging the offense and the additional circumstance of subsection (f). When the State has properly charged and proven

---

4. Maryland Rule 4–202(a) provides in part that "[t]he statute or other authority for each count shall be cited at the end of the count, but error in or omission of the citation of authority is not grounds for dismissal of the charging document or for reversal of a conviction."

a case for enhanced penalty under § 286(f), the trial judge at sentencing should specify that the sentence is imposed pursuant to § 286(f), and the docket entries and commitment should also reflect that fact.

## III.

In the case before us, the jury was not called upon to decide whether the amount of cocaine involved in the conviction under Count I was 448 grams or more. Although the language of Count I referred to the amount of controlled dangerous substance possessed as being "over 448 grams of cocaine," the body of the count and statute citation referred only to a violation of Art. 27, § 286(a)(1). In his instructions to the jury on this count, the trial judge said:

No specific quantity is required for you to find the intent to distribute. There is no specific amount below which the intent to distribute disappears and there is no specific amount above which the intent to distribute appears.

You may find the intent to distribute a substance from the possession of such a quantity of it which, when considered with all the other circumstances in this case, reasonably indicates the intent to distribute.

The jurors were given a copy of the indictment, and during deliberations, sent a note to the trial judge, inquiring: "Is 448g trigger amount for automatic assumption for distribution?" After conferring with the parties, the trial judge responded, "there are no automatic assumptions, [you] must evaluate all [of the] evidence."

The evidence in the case disclosed that a small quantity of cocaine was seized from the defendant's purse, and additional small amounts of cocaine (residue) were found in a hotel room from which the defendant was seen to exit with Bruce Todd. Just over six hundred and sixty-seven (667) grams of cocaine were found in a black bag, which also contained property belonging to Todd but no property of the defendant. Todd had carried that bag from the hotel room and placed it in the bed of his pickup truck behind the driver's seat. The State

attempted to show that the defendant was in joint constructive possession of this bag, but that was a contested issue in the case. Under the charge as laid by the State, and the instructions given in this case, it cannot be said that the jury found that the violation of § 286(a)(1) involved "448 grams or more of cocaine" as required by § 286(f) for the imposition of enhanced penalties.

The original sentence of four years' imprisonment imposed for the crime charged in Count I was lawful, and could not thereafter be increased. The increased sentence must therefore be vacated, and the case remanded for imposition of the original sentence of imprisonment on Count I.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE SENTENCE AND TO REMAND FOR IMPOSITION OF THE ORIGINAL SENTENCE OF FOUR YEARS' IMPRISONMENT ON COUNT I; COSTS IN THIS COURT TO BE PAID BY RESPONDENT; COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID ONE–HALF BY PETITIONER AND ONE–HALF BY RESPONDENT.*