720 A.2d 291

**Ade Yemi SCOTT**

v.

**STATE of Maryland.**

**No. 110, Sept. Term, 1997.**

Court of Appeals of Maryland.

Nov. 16, 1998.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender; George E. Burns, Jr., Asst. Public Defender, on brief), Baltimore, for Petitioner.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

BELL, Chief Judge.

The sole issue presented by this case is whether, when what is possessed is "50 grams or more of cocaine base, commonly known as 'crack,'" § 286(f)(1)(iii), the sentence prescribed by Maryland Code (1957, 1996 Repl.Vol.) Article 27, § 286(b)(1),[1] for possession with intent to distribute cocaine as proscribed in Article 27, § 286(a)(1),[2] may be enhanced, by both § 286(f)(3) and § 293. Concluding that it could, the Circuit Court for Kent County enhanced the petitioner's sentence pursuant to both statutes, and the Court of Special Appeals agreed. We shall reverse.

## I

The petitioner, Ade Yemi Scott, was convicted by a jury of, *inter alia,* possession of 79.8 grams of crack cocaine with the

---

1. That section provides:

"(b) Any person who violates any of the provisions of subsection (a) of this section with respect to:

"(1) A substance classified in Schedules I or II which is a narcotic drug is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both"

Unless otherwise indicated, all future statutory references will be to Maryland Code (1957, 1996 Repl.Vol.) Article 27.

2. "(a) Except as authorized by this subheading, it is unlawful for any person:

"(1) To manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance;"

intent to distribute. The State, having timely filed the requisite notices, in accordance with Maryland Rule 4–245,[3] proved the qualifying convictions, and asked the court to sentence the petitioner pursuant to both § 293 and § 286(f)(3). The court sentenced the petitioner for the possession with intent to distribute count, as follows:

"In... Madame Clerk, let it be the judgment of this Court, in 4698, Count 1, and that is possession of cocaine in sufficient quantity to indicate an intent to distribute, specifically 50 grams or more, in violation of Article 27 Section 286(a)(1) and (f), it is the judgment of this Court, as a penalty for that offense, the Defendant is committed to the Division of Corrections for a period of 28 years, and that is effective March 19, 1996. He is to be given credit for time he has already served pre-trial and pre-sentence."

In summarizing all of the sentences imposed on the petitioner, the court said:

"That's an effective sentence of 28, 28 and 1, of 57 years as I calculate it. And this sentence is imposed ... the sentence in Count 1 of 4698 is imposed under Article 27 Section 286(f), which means a minimum mandatory 5 years. All other provisions are imposed under Article 27 Section 293."

3. Maryland Rule 4–245, in pertinent part, provides:

"(b) Required Notice of Additional Penalties. When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

"(c) Required Notice of Mandatory Penalties. When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement."

Both the docket entry for possession of cocaine with intent to distribute and the Commitment Record signed by the court refer to § 286(f) as the section pursuant to which that sentence was imposed. The petitioner noted an appeal to the Court of Special Appeals.

In that court, one of the petitioner's contentions was that the sentence the trial court imposed for the possession with intent to distribute count was illegal. Pointing to the trial court's sentencing remarks as well as the docket entries and the Commitment Record, he argued, as he does here:

> "[T]he trial court specifically and unequivocally sentenced [him] under count one, possession of cocaine with intent to distribute in the amount of fifty grams or more, pursuant to § 286(f) and under all other eligible provisions pursuant to § 293. As the maximum sentence under § 286(f) is twenty years imprisonment, and the court imposed a twenty-eight-year sentence, eight years of the sentence imposed on count one is illegal."

The intermediate appellate court affirmed the judgment of the trial court in an unreported opinion. Rejecting the petitioner's argument, the court held that the trial court sentenced the petitioner pursuant to both § 293 and § 286(f), and, that its doing so was proper. Aware of our holding in *Gardner v. State*, 344 Md. 642, 645, 689 A.2d 610, 611 (1997), that a sentence on a single count of an indictment or information may not be enhanced pursuant to both § 286(c) and § 293, the intermediate appellate court distinguished the case on the basis that "[s]ection 286(c), unlike section 286(f), is a subsequent offender provision." Thus, the Court of Special Appeals interpreted *Gardner* as prohibiting only "enhancing the sentence on a single count twice under two subsequent offender provisions."

The petitioner filed a Petition for Writ of Certiorari, which we granted. *Scott v. State*, 348 Md. 334, 703 A.2d 1265 (1998). For the reasons that follow, we reverse the judgment of the intermediate appellate court.

## II.

### (a)

The petitioner makes two arguments in this Court. First, as he did in the Court of Special Appeals, he maintains that the trial court enhanced his sentence for possession with intent to distribute pursuant to § 286(f) only, that the language used by the court clearly and unambiguously demonstrates this, and, thus, eight years of the twenty-eight-year sentence imposed is illegal. The petitioner argues that the Court of Special Appeals ignored the clear language of the trial court, and instead viewed the prosecutor's request that both § 286(f) and § 293 be applied in sentencing as dispositive proof that the trial judge did utilize both provisions.

The petitioner argues alternatively that the sentence is illegal under our decision in *Gardner*. He reasons that a substantial basis for the *Gardner* decision was the fact that the "drug kingpin" section, § 286(g), explicitly referenced, and thus contemplated, enhancement of a sentence imposed thereunder pursuant to § 293, while § 286(c) did not. Therefore, as § 286(f), like the other subsections of § 286, does not contain that reference, he continues, it is clear in this case, as in *Gardner*, that the Legislature did not intend that a sentence enhanced pursuant to one of those subsections also be enhanced pursuant to § 293. Contrary to the opinion of the Court of Special Appeals, therefore, the petitioner submits that the primary basis for the Court's holding in *Gardner* was not that both subsections in that case were subsequent offender statutes, but rather that one of them lacked specific reference to § 293.

### (b)

In response to the petitioner's arguments, the State contends, as the intermediate appellate court found, that the enhancement of the petitioner's sentence pursuant to both § 286(f) and § 293 was appropriate. First, the State rejects the argument that the trial judge did not apply both sentencing provisions. On the contrary, it asserts that it is clear the

trial court did so, when, in addition to referencing § 286(f) specifically, it indicated in the course of the sentencing proceeding, precisely how it enhanced the sentence, by imposing a 28 year sentence, rather than one of 20 years, the maximum allowed for a violation of § 286(a)(1). *See* § 286(b)(1). Section 293, the State points out, provides that the maximum penalty for possession of cocaine with intent to distribute is doubled when the offense is a second or subsequent one. Thus, in the instant case, instead of a maximum of 20 years, the petitioner faced a maximum of 40 years as a result of his prior convictions. The State also notes that the Maryland Sentencing Guidelines range, computed on the basis of the sentence being enhanced pursuant to § 293, was from 14 to 28 years.

The State further maintains that the petitioner's sentence was properly enhanced pursuant to both sentencing provisions. Unlike the petitioner, it believes that *Gardner* is distinguishable from the present case. In *Gardner,* the State insists, both § 286(c) and § 293 were triggered by the petitioner's prior convictions. By contrast, citing *Wadlow v. State,* 335 Md. 122, 132, 642 A.2d 213, 218 (1994), the State continues, § 286(f) requires that the prosecutor specifically charge and prove, as an additional element of the crime, that the defendant distributed or possessed the quantity of illegal drugs specified in the statute. Thus, the State contends, because § 293(a) applies at sentencing and is triggered by prior convictions, it is not in conflict with § 286(f); the statutes simply operate in different ways. Moreover, the State rejects the petitioner's argument that, in the absence of a reference in § 286(f) to § 293, as in the case of § 286(g), that section may not be applied in combination with § 293 to enhance a single count of an indictment or information. It maintains that "without the specific reference to Section 293 in Section 286(g), the 40–year maximum provided in Section 286(g) might have been construed to obviate Section 293."

### III.

The issue before the court is one of statutory construction: we must determine whether the Legislature intended that

sentences enhanced pursuant to § 286(f) also be enhanced pursuant to § 293.[4] Although we have not had occasion to address this precise issue, we have quite recently addressed a similar one in *Gardner, supra*. In that case, the Court framed the issue as "whether a sentence on a single count of an indictment or information may be enhanced pursuant to both ... Article 27, § 286(c) [5] and § 293." 344 Md. at 644, 689 A.2d at 611. The Court held that it could not, reasoning:

"Because both statutes are being applied to a single count, they must be construed together and in context." *Whack*, 338 Md. at 673, 659 A.2d at 1350 (citing *State v. Thompson*, 332 Md. 1, 7, 629 A.2d 731, 734 (1993))("when we are called upon to interpret two statutes that involve the same subject matter, have a common purpose, and form part of the same system, we read them in pari materia and construe them harmoniously."); *Gargliano v. State*, 334 Md. 428, 436, 639 A.2d 675, 679 (1994); *Jones v. State*, 311 Md. 398, 405, 535 A.2d 471, 474 (1988); *State v. Loscomb*, 291 Md. 424, 432, 435 A.2d 764, 768 (1981). "Full effect is given

---

**4.** That section, in part, provides:

"(a) More severe sentence.—Any person convicted of any offense under this subheading is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both."

**5.** That section, in pertinent part, provides:

"(c)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

"(i) Under subsection (b)(1) or subsection (b)(2) of this section;

"(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section; or

"(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State.

"(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code."

to each statute to the extent possible, and we will not add or delete words to obtain a meaning not otherwise evident from the statutory language." *Accord, Geico [GEICO] v. Insurance Comm'r,* 332 Md. 124, 132, 630 A.2d 713, 717 (1993). Moreover, § 286(c) is but a subsection of § 286, section (g) of which also addresses sentence enhancements. Because it is imperative that statutory language be interpreted in its full context, it follows that § 286(c) must "be read in conjunction with the other subsections of § 286 so that we may give effect to the whole statute and harmonize all of its provisions." *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 678–79 (1994) (citing *Williams v. State,* 329 Md. 1, 15–16, 616 A.2d 1275, 1282 (1992) for the proposition that a court must discern "legislative intent from the entire statutory scheme, as opposed to scrutinizing parts of a statute in isolation." (emphasis added)). Consequently, §§ 286(c) and 293(a) must be construed together with § 286(g).

"When that is done, it is clear that their application in the single count context is not at all clear. This is especially the case when § 286(g) is considered. Subsection (g)(2)(i) prescribes both the maximum sentence for a drug kingpin committing the acts proscribed—40 years imprisonment without parole—and a mandatory minimum sentence—20 years imprisonment without parole—to be imposed and not suspended. Subsection (g)(5) expressly authorizes the enhancement of that sentence pursuant to § 293(a). If the state were correct that the enhancement statutes are clear both in their language and application, inclusion of that provision would have been unnecessary.

"Nor does enlightenment flow from their legislative histories. As the petitioner points out, there is absolutely nothing, in the history of these statutes that even suggests that the Legislature intended a stacking of enhanced penalties. Section 293(a) was enacted in 1970 and has existed, without change, since that time. *See* Laws of Maryland 1970, ch. 403. The two-time loser provision of § 286(c) was enacted 12 years later, *see* Laws of Maryland 1982, ch. 770, and

except for relettering, *see* Laws of Maryland 1988, ch. 439, has not been changed. As we have seen, only § 286(g) provides any basis for discerning the intent of the General Assembly on the issue here presented.

"It is apparent that §§ 286(c) and 293(a) are highly penal statutes, and, as we have seen, their application to enhance a sentence on a single count is ambiguous. An ambiguous penal statute is subject to the "rule of lenity," which requires that such statutes be strictly construed against the State and in favor of the defendant.

\* \* \* \*

"Finally, when the Legislature has both wanted to increase the maximum penalty and to impose a mandatory minimum sentence for a second or subsequent offense, it has done so unequivocally, in clear and unambiguous terms . . . ."

*Id.* at 649–52, 689 A.2d at 613–15 (some citations and statutory references omitted). This reasoning is equally applicable to the issue sub judice.

The language of § 286(f), like that of § 293, *Gardner*, 344 Md. at 648, 689 A.2d at 613, viewed in isolation, is quite clear. And, as in *Gardner*, both statutes enhance a defendant's sentence in different ways. Section 286(f), like § 286(c), prescribes a mandatory minimum sentence, which may not be suspended, but the former applies to a defendant convicted of possessing more than fifty grams of crack cocaine, rather than to one who is a subsequent offender. On the other hand, "[s]ection 293 enhances the permissible maximum sentence by permitting the imposition of twice the otherwise allowable sentence for those who are subsequent offenders." *Whack v. State,* 338 Md. 665, 683, 659 A.2d 1347, 1355. When § 286(f) is read in conjunction with the other subsections of § 286, including subsection (g), and with § 293(a), to which subsection (g) explicitly refers, it is clear that its application, and that of § 293(a), to the same count, as in the case of §§ 286(c) and 293(a), *see Gardner,* 344 Md. at 649–50, 689 A.2d at 613–14, is

ambiguous and not at all clear. Moreover, the legislative history of § 286(f), rather than clearing up the ambiguity, actually confirms it.

Subsection (f) was added to § 286, along with subsection (g), in 1989, when the Legislature enacted "The Drug Kingpin Act." *See* 1989 Md. Laws, ch. 287. Although enacted simultaneously, only in § 286(g) did the legislature specifically authorize the enhancement of the prescribed sentence pursuant to § 293(a). As we pointed out in *Gardner,* inclusion of such a provision in § 286(g)(5) would not have been necessary if "the enhancement statutes [were] clear both in their language and application." *Id.* at 650, 689 A.2d at 614. It follows, therefore, that § 286(f) is more, not less, ambiguous in this context than was § 286(c).

The Court of Special Appeals interpreted the *Gardner* decision as prohibiting the enhancement of a sentence on a single count twice under two subsequent offender statutes or provisions, arguing, by way of contrast, that "[t]he court here enhanced [the petitioner's] sentence as a subsequent offender only after the State proved that [the petitioner] possessed more than fifty grams of [crack] cocaine with the intent to distribute it." The State agrees, but stresses that the proof was required to be, and was, presented at trial. We are not persuaded. As the petitioner points out, the primary basis for this Court's holding in *Gardner* was not that § 286(c) was a subsequent offender statute, but rather the absence of a specific reference in that provision to § 293. Indeed, although, in this case, we address a different subsection of § 286, the question to be answered is the same, namely whether the Legislature intended that sentences already enhanced pursuant to a subsection other than subsection (g), be further enhanced by § 293. The answer in this case, as in *Gardner,* is simply not clear; considering, the applicable statutes in context leaves a doubt as to whether both were intended to be applied to a single count of an indictment or information simultaneously.

Section 286(f), like § 286(c), is a highly penal statute, whose application in conjunction with § 293(a), another highly penal statute, *see Gardner*, 344 Md. at 651, 689 A.2d at 614, is ambiguous. Consequently, the "rule of lenity" applies. Applying the rule of lenity and being cognizant of the *Gardner* reasoning, it follows that only an enhanced sentence pursuant to § 286(g)(5) may be further enhanced pursuant to § 293(a). Accordingly, the same disposition is required in this case as was reached in *Gardner*, vacation of the judgment and remand for re-sentencing.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE SENTENCE AND REMAND THE CASE TO THE CIRCUIT COURT FOR KENT COUNTY FOR RESENTENCING CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY KENT COUNTY.

Dissenting opinion by RAKER, J., in which RODOWSKY and WILNER, JJ., join.

RAKER, Judge, dissenting:

The majority holds that, based on the rule of lenity, § 286(f) and § 293 of Maryland Code (1957, 1996 Repl.Vol., 1997 Supp.), Article 27,[1] may not be applied to enhance simultaneously the same count of a criminal sentence. Maj. op. at 676. Such an interpretation contradicts the plain meaning of the statutory provisions at issue. In addition, the result reached by the majority offends settled principles of statutory construction. Accordingly, I dissent.

Our focus properly turns to the plain language of § 286(f) and § 293. In pertinent part, the language of the base enhancement provision of § 293 states:

---

1. Unless otherwise specified, all statutory references herein shall be to Maryland Code (1957, 1996 Repl.Vol., 1997 Supp.), Article 27.

### § 293. Second or subsequent offenses.

(a) *More severe sentence.*—Any person convicted of any offense under this subheading is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized . . . .

The "Health—Controlled Dangerous Substances" subheading encompasses §§ 276–313, inclusive. Thus, the scope of § 293 unambiguously extends to § 286(f).

Subsection 286(f)(1) provides that if a person commits certain offenses involving specified quantities of controlled dangerous substances, that person will be subject to the penalties provided in subsection 286(f)(3)(i). Subsection 286(f)(3)(i) provides in pertinent part:

A person convicted of violating paragraph (1) of this subsection is guilty of a felony and shall be sentenced as otherwise provided for in this section, except that it is mandatory upon the court to impose no less than 5 years' imprisonment, and neither that term of imprisonment nor any part of it may be suspended.

Nothing in the plain language of § 286(f) indicates that § 293 is inapplicable to a sentence imposed under that subsection. Simply stated, because § 286(f) is codified under the same subheading as § 293, the General Assembly has clearly demonstrated that the latter statutory provision may enhance a criminal sentence imposed under § 286(f).

Scott correctly observes that § 286(f) is an integral component of § 286, and that all statutory components of § 286 must be construed in harmony with one another. *See Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 678–79 (1994). Scott also accurately notes that § 293 is an enhancement provision based on prior criminal history, and that § 286 already contains three enhancement provisions based on prior criminal history: § 286(c), the "two-time loser" enhancement provision, § 286(d), the "three-time loser" enhancement provision, and § 286(e), the "four-time loser" enhancement provision. Hence, Scott argues, the framework of § 286 manifests the legislative intent that a sentence imposed under § 286 may be

enhanced *only* by subsection (c), (d), or (e), if such an enhancement is based upon prior criminal history.

Scott's contention does not withstand scrutiny when examined in light of the evolution of § 286. When § 286 originally was enacted in 1970, that section contained only two subsections, § 286(a) and § 286(b). As this Court observed in *Lewis v. State,* 348 Md. 648, 654, 705 A.2d 1128, 1131 (1998):

> Subsection (a) of § 286 codifies the offense of possession of a controlled dangerous substance with the intent to distribute that substance, and § 286(b) provides the garden variety penalty for violating § 286(a).

These two subsections and § 293 were enacted during the same legislative session. 1970 Maryland Laws ch. 403, at 896–97, 900. Consequently, when § 293 took effect on July 1, 1970, it unambiguously applied to a sentence imposed under § 286(a).

Current subsection (c) of § 286, the first sentencing enhancement provision of § 286 based upon prior criminal history, was not enacted until 1982. 1982 Maryland Laws ch. 470, at 3046–48.[2] Scott argues that § 293 may not enhance a sentence imposed under either § 286(a) or § 286(f); rather, any enhancement based on prior criminal history may be made only under subsection (c), (d), or (e) of § 286.

Under Scott's interpretation, from 1970 until 1982, § 293 could validly enhance a sentence imposed under § 286(a). Under that same interpretation, after 1982, § 293 could no longer be used to enhance a sentence imposed under § 286(a). Such a result was not expressly contemplated by the plain language of the amendments to § 286 in 1982, and there is no indication in the legislative history of those amendments which demonstrates any intent to preclude the application of § 293 to a sentence imposed under § 286(a). It is a fundamental canon of statutory construction that repeal by implication is

---

**2.** Subsection 286(f) was enacted by Chapter 287 of the Acts of 1989 as a part of the "Drug Kingpin Act." *See* 1989 Maryland Laws ch. 287, at 2415–16.

not favored. *State v. Harris,* 327 Md. 32, 39, 607 A.2d 552, 555 (1992). The majority's reasoning in this case flatly contradicts this principle.

Scott argues that this Court's decision in *Gardner v. State,* 344 Md. 642, 689 A.2d 610 (1997), controls the outcome in this case. Rather than reach a fair, logical result in light of the *Gardner* holding, the majority's opinion in this case contorts *Gardner* and reaches an unsound result. In *Gardner,* the Court held that § 286(c) and § 293 could not be imposed simultaneously to enhance a single criminal count. *Id.* at 644–45, 689 A.2d at 611. The majority in *Gardner* relied in part on the fact that another subsection of § 286, subsection (g)(5), contained specific language authorizing the application of § 293 to the offense contained in that subsection.[3] The Court stated:

> Subsection [286](g)(5) expressly authorizes the enhancement of that sentence pursuant to § 293(a). If the [S]tate were correct that the enhancement statutes are clear both in their language and application, inclusion of that provision would have been unnecessary.

*Id.* at 650, 689 A.2d at 614. According to *Gardner,* the express reference to § 293 in § 286(g) led to the inference that by not referring to § 293 in § 286(c), the General Assembly did not intend the doubling provisions of § 293 to apply to § 286(c).

If the reasoning in *Gardner* were extended to its logical end, the result would be contrary to the Legislature's intent. As noted, the majority in *Gardner* reasoned that the favorable reference in § 286(g) to § 293 necessarily implied that the Legislature did not intend for § 293 to enhance a sentence simultaneously with § 286(c). If extended logically, it would follow from this premise that the reference in § 286(g) to § 293 necessarily excluded § 293 from simultaneously enhancing *any* sentence imposed under any other subsection of

---

**3.** Subsection 286(g)(5) reads in relevant part:
Nothing contained in this subsection prohibits the court from imposing an enhanced penalty under § 293 of this article.

§ 286. Indeed, Scott makes that argument before this Court. It is significant to note, however, that nothing in the plain language or legislative history of § 286 or § 293 reflects the intent to exclude all of § 286, save subsection (g), from the enhancing provisions of § 293.

Moreover, logic dictates that the preclusive effect of indiscriminately applying the canon *expressio unius est exclusio alterius* would extend beyond merely § 286. By its express terms, § 293 applies to the entire controlled dangerous substances subheading. The fair extension of the argument Scott makes in this case is that by including a reference to § 293 in § 286(g), the drug kingpin subsection, the General Assembly intended to exclude § 293 from simultaneously enhancing any other statutory provision in *the entire controlled dangerous substance subheading.* For instance, in this case, Scott's conviction for importing cocaine into the State of Maryland in violation of § 286A(a)(2) could not be enhanced by § 293. Such an interpretation effectively engrafts § 293 as a separate paragraph under § 286(g), without any indication of such an intent expressed in the plain language, legislative history, or other surrounding circumstances of either provision. To avoid this unwarranted result, this Court should interpret *Gardner* to stand for the following proposition: *When based upon the same underlying factual predicate (i.e., prior criminal history), to infer an intent that multiple sentencing enhancement provisions in the same statutory scheme will be applied simultaneously to a single count, the statutory language must expressly reflect that intent.* Such a principle is consistent with the holding of *Gardner* and makes sense.

In this case, § 286(f) enhances a sentence based upon the quantity and type of controlled substance involved, while § 293 enhances a sentence based upon prior criminal history. The underlying factual predicate for these enhancement provisions is distinct. *See Wadlow v. State,* 335 Md. 122, 128–29, 642 A.2d 213, 216 (1994) ("In Maryland, ... we have generally drawn a distinction between sentence enhancement provisions that depend upon prior conduct of the offender and those that depend upon the circumstances of the offense.").

*Gardner* was based on the premise that the General Assembly *might* have implicitly intended for only one sentencing enhancement provision to apply when multiple enhancement provisions were based upon the same underlying factual predicate, and accordingly, the rule of lenity applied. *Gardner,* 344 Md. at 651–53, 689 A.2d at 614–15. Whereas here, multiple enhancement provisions are based upon different factual predicates, no such danger reasonably exists, absent legislative intent to the contrary.

The Court of Special Appeals held that the trial court did not err in sentencing Scott to twenty-eight years under § 286(f) and § 293. In distinguishing *Gardner* from the instant case, that court reasoned:

Section 286(c), unlike section 286(f), is a subsequent offender provision. In *Gardner,* the trial court enhanced defendant's sentence twice: once by the subsequent offender provision of section 286(c), and once by the subsequent offender provision of section 293. In the instant case, however, in order to invoke the mandatory minimum term under section 286(f), the State had to specifically charge and prove that the crime involved a certain quantity of the drugs as set forth in section 286(f). Once the State had proven the amount as an element of the crime, the court could apply the sentencing provisions requiring the five year mandatory minimum. Section 286(c), in contrast, is purely a subsequent offender provision invoked after trial during the sentencing phase, as is section 293. What the Court of Appeals found illegal in *Gardner,* namely enhancing the sentence on a single count twice under two subsequent offender provisions, did not occur in the instant case. The court here enhanced appellant's sentence as a subsequent offender only after the State proved that appellant possessed more than fifty grams of cocaine with the intent to distribute it.

(Internal citation omitted). The Court of Special Appeals was correct. We should affirm the judgment.

Whatever one may think of the wisdom of mandatory sentencing, I believe the policy decision is one for the General Assembly, and not for this Court. We should not create an ambiguity where none exists in order to apply the rule of lenity. Accordingly, I dissent.

Judge RODOWSKY and Judge WILNER have authorized me to state that they join in the views expressed herein.